Michael D. Rounds (Nevada Bar No. 4734)
Ryan Johnson (Nevada Bar No. 9070)
WATSON ROUNDS
777 North Rainbow Blvd., Suite 350
Las Vegas, NV 89107
Telephone: (702) 636-4902
mrounds@watsonrounds.com
rjohnson@watsonrounds.com

Steve W. Berman (admitted *pro hac vice*)
Andrew M. Volk (admitted *pro hac vice*)
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292

Nicholas S. Boebel (admitted *pro hac vice*)
Hagens Berman Sobol Shapiro LLP
5001 Chowen Ave. S., Suite 2000
Minneapolis, MN 55410
Telephone: (612) 435-8644

*Attorneys for Plaintiff Integrated Technological Systems, Inc.*

[Attorneys for Defendant Green Dot Corp. Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| INTEGRATED TECHNOLOGICAL SYSTEMS, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>GREEN DOT CORPORATION,<br><br>   Defendant. | Civil Action No. 2:11-cv-01626-RCJ-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the parties to this action, IT IS HEREBY ORDERED:

STIPULATED PROTECTIVE ORDER – 1

005005-12  496664 V1

1. All documents, materials, items, and/or information which contain or comprise confidential and sensitive research, development or commercial information produced either by a party or by a non-party to or for any of the parties shall be governed by this Protective Order.

2. Any information produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as (1) "Confidential" or (2) "Confidential-Attorneys' Eyes Only." As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties. As a general guideline, materials designated "Confidential-Attorneys' Eyes Only" shall be those confidential and sensitive things of a proprietary business or technical nature which might be of value to a potential competitor of the party or non-party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties. Absent a specific order by this Court, information once designated as "Confidential" or "Confidential-Attorneys' Eyes Only" shall be used by parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

3. Any party or non-party wishing to come within the provisions of this Protective Order shall designate, in writing, the documents, information, or portions thereof which he, she or it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder. In the instance of documents, the items produced must be marked "Confidential" or "Confidential-Attorneys' Eyes Only" by the producing party or non-party. In the instance of depositions, counsel may, in the record of the deposition, designate the transcript or portion thereof as "Confidential" or "Confidential-Attorneys' Eyes Only," and only the parties identified in Paragraphs 4 and 5 may then be present in the depositions. The witness under deposition or his

STIPULATED PROTECTIVE ORDER – 2

005005-12 496664 V1

1  counsel may invoke the provisions of this Protective Order in a timely manner, giving adequate
2  warning to counsel for the party or non-party that testimony about to be given is deemed
3  "Confidential" or "Confidential-Attorneys' Eyes Only." The designations should be made on the
4  record whenever possible, but a party may designate portions of a deposition either
5  "Confidential" or "Confidential-Attorneys' Eyes Only" provided written notice of such
6  designation is given to each party no later than ten (10) days following receipt of the deposition
7  transcript.

8      4. Documents, deposition testimony, or answers to interrogatories stamped
9  "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the
10 information therein, may be given, shown, made available to, or communicated in any way only
11 to the parties and/or employees thereof, who agree in advance to abide by this Protective Order
12 by executing Attachment A hereto, and to whom it is necessary that the material be shown for
13 purposes of this litigation.

14     5. Documents, deposition testimony, or answers to interrogatories stamped
15 "Confidential-Attorneys' Eyes Only" or copies or extracts therefrom, and summaries and
16 compilations thereof, and the information therein, may be given, shown, made available to, or
17 communicated in any way only to (a) the trial counsel designated on the pleadings for the law
18 firms of record in this actions and those of their staff to whom it is necessary that the materials
19 be shown for the purposes of this litigation; (b) consultants as defined in Paragraph 6 hereof.

20     6. For purposes of Paragraph 5(b) hereof, a consultant shall be defined as a person
21 who is not an employee of a party nor anticipated to become an employee in the near future, and
22 who is retained or employed as a bona fide consultant or testifying expert for purposes of this
23 litigation, or members of their staffs, whether full or part-time, by or at the direction of counsel
24 for a party, provided that such consultant(s) shall first execute the Agreement of Attachment A.

25     7. All confidential information covered by this order shall be kept in secure facilities
26 at trial counsel's offices and in no event be taken to or stored on the premises of a party without

STIPULATED PROTECTIVE ORDER – 3

005005-12 496664 V1

1  having first received written permission from the party designating the document confidential,
2  and access to those facilities shall be permitted only to those designated persons set forth in
3  Paragraphs 4, 5, and 6 of this Protective Order as persons properly having access thereto under
4  the appropriately designated degree of confidentiality.  All counsel for the parties who have
5  access to confidential information under this Protective Order acknowledge they are bound by
6  this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

7        8.      Any party filing with the Court pages or parts of court papers, discovery
8  responses, production of documents or things, or deposition transcripts, which have been
9  designated as containing "Confidential" or "Confidential-Attorneys' Eyes Only" information, or
10 any court papers purporting to reproduce or paraphrase such Confidential Information, shall seek
11 to file the papers under seal.  No party or non-party shall file or submit for filing as part of the
12 Court record any documents under seal without first obtaining leave of the court.
13 Notwithstanding any agreement among the parties, the party seeking to file a paper under seal
14 bears the burden of overcoming the presumption in favor of public access to papers filed in
15 Court.

16       9.      If any document or information designated to be "Confidential" or "Confidential-
17 Attorneys' Eyes Only" pursuant to this Protective Order is used during the course of a deposition
18 herein, that portion of the deposition record reflecting such confidential information shall be
19 sealed and stamped with the designated degree of confidentiality, and access thereto shall be
20 limited pursuant to the other terms of this Protective Order.

21       10.     A party should designate as "Confidential" or "Confidential-Attorneys' Eyes
22 Only" only such information or documents as the party reasonably and in good faith believes
23 require and justify protection under this Protective Order.  If, at any time during the pendency or
24 trial of this action, counsel for any party claims that counsel for any other party is unreasonably
25 claiming certain information produced herein to be confidential, or otherwise wishes to have
26 materials re-designated, objecting/requesting counsel may make an appropriate application to

STIPULATED PROTECTIVE ORDER – 4

005005-12  496664 V1

1  this Court, with confidential portions thereof to be kept under seal, requesting that specifically
2  identified documents, information, and/or deposition testimony be excluded from the provisions
3  of this Protective Order or downgraded in terms of the degree of protection provided.  Before
4  filing any such application, the party seeking relief shall confer with the other party to determine
5  whether the matter can be resolved by agreement.

6        11.       The pretrial order submitted by the parties in this action shall address the
7  treatment at trial of documents, information or testimony designated "Confidential" or
8  "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order, unless the confidentiality
9  of such information has been removed by agreement of counsel or by this Court in accordance
10  with the provisions of Paragraph 10 of this Protective Order.

11        12.       At any hearing relating to this litigation prior to trial before any judicial officer,
12  subject to the rules of evidence and order of the Court, a party may use any "Confidential" or
13  "Confidential-Attorneys' Eyes Only" information or documents for any purpose, provided that
14  adequate prior notice of such use is given to counsel for the opposing party to permit the
15  opposing party the opportunity to obtain appropriate protection from the Court, including a
16  request to the Court that the courtroom be cleared and that the court employees be advised as to
17  the terms of this Protective Order.  If any party reasonably anticipates that "Confidential" or
18  "Confidential-Attorneys' Eyes Only" information or documents will be presented in any hearing
19  in this litigation, it may request that the Court close the courtroom during such presentation. If
20  the Court denies any such request, the use of "Confidential" or "Confidential-Attorneys' Eyes
21  Only" information or documents in court shall not affect its coverage by this Protective Order or
22  constitute a waiver of secrecy with respect thereto.

23        13.       The terms of this Protective Order shall apply to all manner and means of
24  discovery, including entry onto land or premises and inspection of books, records, documents,
25  and tangible things.

26        14.       This Protective Order shall be effective on the date entered by the Court.

STIPULATED PROTECTIVE ORDER – 5

005005-12  496664 V1

15. Within ninety (90) days after the conclusion of this action, unless otherwise agreed by the parties, all confidential materials and/or information shall be destroyed, unless the producing party or non-party requests the return of the materials and/or information, in which case all confidential materials and/or information shall be returned to the producing party or non-party within ninety (90) days of the conclusion of this action. Notwithstanding this provision, counsel for the parties may keep a full and complete record of all documents generated as a result of this Litigation, including correspondence, handwritten notes, emails, deposition and Court transcripts, and documents filed with the Court, subject to the terms of this Protective Order.

IT IS SO STIPULATED.

Dated: January 12, 2012

| | |
|---|---|
| Michael D. Rounds (Nevada Bar No. 4734)<br>Ryan Johnson (Nevada Bar No. 9070)<br>WATSON ROUNDS<br>777 North Rainbow Blvd., Suite 350<br>Las Vegas, NV 89107<br>Telephone: (702) 636-4902<br>mrounds@watsonrounds.com<br>rjohnson@watsonrounds.com<br><br>Of Counsel:<br><br>     s/ Steve W. Berman<br>Steve W. Berman (admitted *pro hac vice*)<br>Andrew M. Volk (admitted *pro hac vice* )<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br><br>Nicholas S. Boebel (admitted *pro hac vice* )<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>5001 Chowen Ave. S., Ste. 2000<br>Minneapolis, MN 55410<br>Telephone: (612) 435-8644<br><br>*Attorneys for Plaintiff Integrated Technological Systems, Inc.* | W. WEST ALLEN<br>wallen@lrllaw.com<br>LEWIS AND ROCA LLP<br>3993 Howard Hughes Pkwy, Suite 600<br>Las Vegas, Nevada 89169<br>Telephone: (702) 949-8230<br>Facsimile: (702) 949-8364<br><br>     s/ J. Bennett Clark<br>J. BENNETT CLARK (admitted *pro hac vice*)<br>ben.clark@bryancave.com<br>AMEER GADO (admitted *pro hac vice*)<br>aagado@bryancave.com<br>BRYAN CAVE LLP<br>211 N. Broadway, Ste. 3600<br>St. Louis, Missouri 63102<br>Telephone: (314) 259-2000<br>Facsimile: (314) 259-2020<br><br>*Attorneys for Defendant/Counterclaimant Green Dot Corporation* |

STIPULATED PROTECTIVE ORDER – 6

005005-12 496664 V1

1
2  **IT IS SO ORDERED**
3  _____
4  UNITED STATES MAGISTRATE JUDGE
5  DATE: January 13, 2012
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

STIPULATED PROTECTIVE ORDER – 7

005005-12 496664 V1

**ATTACHMENT A**

**AGREEMENT TO BE BOUND TO STIPULATED PROTECTIVE ORDER**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Integrated Technological Systems, Inc. v. Green Dot Corporation</u>, United States District Court, District of Nevada, Civil Action No. 2:11-cv-01626-RCJ-PAL, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

Dated:_____   Signed_____

STIPULATED PROTECTIVE ORDER – 8

005005-12 496664 V1

# CERTIFICATE OF SERVICE

On January 12, 2012, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

- **W. West Allen**
  wallen@lrlaw.com, PMENON@lrlaw.com, kwildman@lrlaw.com, dkelley@lrlaw.com
- **Steve W. Berman**
  steve@hbsslaw.com
- **Nicholas S. Boebel**
  nickb@hbsslaw.com
- **James B. Clark**
  ben.clark@bryancave.com, dorian.johnson@bryancave.com
- **Ameer Gado**
  aagado@bryancave.com, dorian.johnson@bryancave.com
- **Ryan E. Johnson**
  rjohnson@watsonrounds.com, lshapiro@watsonrounds.com, pmerced@watsonrounds.com
- **Michael D Rounds**
  mrounds@watsonrounds.com, rhunter@watsonrounds.com, rnofederal@watsonrounds.com, ayowell@watsonrounds.com
- **Andrew M. Volk**
  andrew@hbsslaw.com, dawn@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP

By:  s/ Steve W. Berman
     Steve W. Berman (admitted *pro hac vice*)

STIPULATED PROTECTIVE ORDER – 9

005005-12 496664 V1